## Thomas Emerson *et al. versus* Horatio N. Baylies.

An agent to collect a debt, if with the consent of the debtor he credits it to his principal as paid, and charges it in his private account to the debtor, may maintain assumpsit for money paid, or money had and received, against the debtor, although there was in fact no payment or receipt of money.

A bond given by one of several partners, to a debtor of the firm, to pay the debt and save the debtor harmless from the same, cannot be pleaded or given in evidence as a release, in an action by the firm against the debtor.

Assumpsit. The declaration contained the common money counts, for money paid, *insimul computassent*, &c. The action was brought by merchants transacting business in Boston under the firm of Emerson, Lamb & Harvey, against H. N. Baylies and M. L. Hart, merchants lately transacting business at Montpelier, Vermont, under the firm of Baylies & Hart. Hart however was not served with process.

At the trial, before *Shaw* C. J., the controversy turned mainly on a charge under date of November 7th, 1834, of $1466·50, for the amount of a note of hand given and afterwards surrendered under the circumstances stated below.

In September 1833, there was a partnership in Boston under the firm of Emerson, Harvey & Co., composed of Curtis Emerson, Lamb and Harvey. Baylies & Hart then made a purchase of that firm, for which Baylies, by inadvertence or

otherwise, gave the note above mentioned in his individual name. Afterwards, and before November 1834, the partnership of Emerson, Harvey & Co. was dissolved and a new one formed, composed of Thomas Emerson, Lamb and Harvey, the plaintiffs. This firm was the agent of the former, to collect its debts and adjust its concerns. The firm of Baylies & Hart was dissolved in September 1834. In November 1834, Baylies and Hart being both at Boston, it was agreed that the note made by Baylies for the debt due from Baylies & Hart to Emerson, Harvey & Co., should be taken up and cancelled, and the amount charged in account by the new firm of Emerson, Lamb & Harvey, to Baylies & Hart, and the same was accordingly credited to the firm of Emerson, Harvey & Co. as paid, and charged to Baylies & Hart in the books of Emerson, Lamb & Harvey.

The defendant contended, that if the case thus stated for the plaintiffs were supported by evidence, there was no count in the declaration on which they could recover.

The defendant offered in evidence a bond, dated September 26th, 1834, signed by Hart and by Thomas Emerson as obligors, to Baylies as obligee, conditioned to " pay or cause to be paid or discharged, all debts and demands due and owing or which shall become due and owing by the said H. N. Baylies, either severally or jointly with the said M. L. Hart," on account of the copartnership heretofore existing between Baylies & Hart, and to indemnify and save him harmless from all debts and liabilities on account of that copartnership.

An opinion was expressed by the chief justice, that this bond operated by way of release ; that such release by one of the plaintiffs was binding on the firm ; and that it might be given in evidence under the general issue, and was a good defence to this action.

The plaintiffs thereupon became nonsuit, subject to the opinion of the whole Court upon the questions of law above stated.

*Bartlett*, for the plaintiffs, cited to the point, that the bond could not have the effect of a release, *Gram* v. *Cadwell*, 5 Cowen, 489 ; *Loring* v. *Brackett*, 3 Pick. 403 ; *Shed* v *Pierce*, 17 Mass. R. 623 ; *Harrison* v. *Wilcox*, 2 Johns. R. 448 ;

*Catskill Bank* v. *Messenger*, 9 Cowen, 37 ; *Rowley* v. *Stoddard*, 7 Johns. R. 207 ; *Hutton* v. *Eyre*, 6 Taunt. 288 ; *Tuckerman* v. *Newhall*, 17 Mass. R. 584 ; *Dob* v. *Halsey*, 16 Johns. R. 34.

*C. P. Curtis, B. R. Curtis* and *Brigham*, for the defendant, cited to the point, that the plaintiffs could not recover on the count for money paid, *Cumming* v. *Hackley*, 8 Johns. R. 158 ; and to the point, that the bond operated as a release, *Cuyler* v. *Cuyler*, 2 Johns. R. 186 ; *Phelps* v. *Johnson*, 8 Johns. R. 43 ; *Clark* v. *Bush*, 3 Cowen, 151 ; *Milliken* v. *Brown*, 1 Rawle, 391 ; *Sewall* v. *Sparrow*, 16 Mass. R. 24 ; *Whitaker* v. *Salisbury*, 15 Pick. 534.

WILDE J. delivered the opinion of the Court. The first *March 27th.* objection made by the defendant's counsel is, that the demand in controversy cannot be recovered under the money counts. But we are of opinion that there is no foundation for this objection.

It has been frequently decided by this Court, that it is not necessary, in support of the money counts, to prove that money has been paid or received. If the plaintiffs have discharged the debt of Baylies & Hart to another firm at their request, the action for money paid will well lie, although the debt was not discharged by payment in money ; and so a binding promise to pay this debt to the plaintiffs will support the count for money had and received. The agreement of Baylies & Hart, that the plaintiffs might charge them with this debt, is equivalent to an express promise to pay, and an express promise to pay is equivalent to a note of hand, which clearly might be given in evidence on the count for money had and received. So an acknowledgment of a debt due, payable in money, is, I apprehend, at the present day, good and sufficient evidence to maintain an action for money had and received.

The other objection, and on which the defendant principally relies, is, that the bond of Emerson and Hart, by which they undertook and bound themselves jointly and severally to discharge the debts due from the firm of Baylies & Hart, amounts to a release, and may be pleaded or given in evidence as a bar to the action. In support of this objection, the defendant relies on several authorities, upon some of which I will briefly

Emerson
*v.*
Baylies.

remark.   The first I shall notice is the case of *Whitaker v. Salisbury*, recently decided by this Court.

That was an action of assumpsit against the surviving partner of the firm of Stimpson & Salisbury ; and the defendant proved, that on the assignment of the partnership property by Salisbury to Stimpson, the latter executed an indenture, together with one Truesdell, and Whitaker, the plaintiff, by which they covenanted with Salisbury to indemnify him against the partnership debts ; and the Court held that the indenture was a bar to the action.   If nothing further had appeared in that case, it would undoubtedly be a strong authority in favor of the defendants ; but it was shown that Stimpson had died insolvent, and that Whitaker had released Truesdell from all liability to contribution, or agreed to indemnify him against any liability on their joint covenant.   So that, substantially, Whitaker alone was responsible on the joint covenant, and the case was decided expressly on this distinction.   And this distinction seems to us perfectly satisfactory.   For if Whitaker had recovered, Salisbury could have sued Whitaker and Truesdell, and recovered back the amount of the judgment recovered against him, and might have collected it from Whitaker, and if he collected the money from Truesdell, he in his turn could recover over against Whitaker, so that at all events Whitaker would be eventually liable.   But no such distinction appears in the present case, and the case cited does not apply.

The case of *Cuyler v. Cuyler*, 2 Johns. R. 186, is also relied on by the defendant's counsel as a strong authority in his favor.   That was assumpsit on a note of hand, and the defendant gave in evidence a bond executed by the plaintiff and one John C. Cuyler, before the commencement of the action, by which they bound themselves not to institute any suits against the defendant unless on a future contract, either as partners or separately.   It does not appear whether this was a joint or a joint and several bond.   Nor is it perhaps material ; for if it were a joint bond, the condition extended to their joint and several acts ; and if the defendant had sued them for a breach of the condition by the plaintiff, and had recovered against them, John C. Cuyler would have had his remedy over against the plaintiff in a special action of the case, if he had been com-

pelled to satisfy the judgment ; so that the plaintiff in that case stood substantially as the sole obligor, and the case, in this view of it, is similar in principle to the case of *Whitaker* v. *Salisbury*. Several other cases were cited by the defendant's counsel, but they refer to a point which it is not necessary to discuss or decide. None of them maintain the proposition, that in an action by partners on a partnership demand, an agreement by one of the partners to indemnify the debtor against his liability, under the circumstances of the present case, could be pleaded or given in evidence as a legal bar. The fallacy of the argument consists in treating such an agreement or bond of indemnity or covenant not to sue, as an actual release.

Such a covenant operates as a release only to avoid circuity of action, not, as Judge *Spencer* remarks in *Harrison* v. *Wilcox*, 2 Johns. R. 449, that such an agreement or covenant is in fact a release, but that it may be pleaded in bar, as between the parties, and it operates *quasi* a release. Lord *Mansfield* remarks in relation to the cases in which a mortgagor in possession is said to be a tenant at will, that nothing is more apt to mislead than a simile, and the remark is equally applicable to these *quasi* releases. They are considered as such, merely to avoid circuity of action, and unless it appears that no injustice can be done by thus considering them, the parties will be left to their respective remedies on their respective contracts. And of this the defendant has no right to complain. He took such a security as was satisfactory, and this remains unimpaired ; and as none of the plaintiffs except Emerson is liable on that security, there seems to be no good reason for allowing it to be set up as a bar to this action.

The defendant's claim is similar in principle to a claim of set-off. That is allowed to prevent circuity of actions, and to settle and adjudicate the rights of the different parties in one and the same suit. Now it is clearly settled, that where an action is brought by all the ostensible partners, nothing is capable of being set off against their demand, except a debt jointly due from them to the defendant ; though if a dormant partner is joined, that will not affect the right of set-off if good against the ostensible partners. *Gow on Partn.* 166. Therefore a

Emerson
*v.*
Baylies.

separate debt due from an individual partner, is not the subject of set-off against the joint demand of a firm, unless there is an express agreement admitting such a set-off, as was proved in *Kinnerley* v. *Hossack*, 2 Taunt. 170. These principles have been repeatedly recognized and are incorporated into the Revised Stat. *c.* 96, § 8, 9.

If then the defendant could not set off a separate debt against Emerson, there can be no reason for allowing his contract or covenant to be set up as a bar. The defendant could not maintain an action against the plaintiffs on that contract of indemnity, and consequently it cannot be considered as a release, to avoid circuity of action, unless it can be shown that it was given on behalf of the partners, or that the demand sued has been assigned to Emerson, and that this suit is prosecuted for his sole benefit. The conclusion is, that the parties to the demand sued, and to the bond of indemnity, are not identical, and the latter cannot be held as a release of the former, to avoid circuity of action.

*New trial granted.*